UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

ANTHONY MARANO COMPANY, )
)
        Plaintiff, )
) Case No.
vs. )
) Judge:
KENOSHA FRESH MARKET, LLC a/t/a )
KENOSHA FRESH MARKET, PAUL ) Magistrate Judge:
ANGELOPOULOS and DENNIS GARBIS, )
)
        Defendants. )

## COMPLAINT
### (To Enforce Payment From Produce Trust)

Anthony Marano Company ("AMC"), for its complaint against Defendants, Kenosha Fresh Market, LLC a/t/a Kenosha Fresh Market (hereinafter "Kenosha Fresh Market") and Paul Angelopoulos and Dennis Garbis (hereinafter collectively "Defendants") alleges:

### JURISDICTION AND VENUE

1. Subject Matter Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) (hereafter "the PACA"), 28 U.S.C. § 1331 and 28 U.S.C. § 2201.

2. Venue in this District is based on 28 U.S.C. § 1391 in that (a) Plaintiff's claims arose in this district and (b) Defendants reside in this district.

### PARTIES

3. Plaintiff AMC, an Illinois corporation with its principal place of business in Chicago, Illinois, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce and was at all

times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer.

4. a. Defendant, Kenosha Fresh Market, an Illinois corporation, a/t/a Kenosha Fresh Market, with its principal place of business in Kenosha, Wisconsin, is also engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and was at all times pertinent herein, a dealer subject to license under the provisions of the PACA as a dealer.

b. Paul Angelopoulos, upon information and belief, is an owner, officer, and director of Kenosha Fresh Market who controlled the date-to-day operations of Kenosha Fresh Market during the period of time in question and was in a position of control over the PACA trust assets belonging to Plaintiff.

c. Dennis Garbis, upon information and belief, is an owner, officer, and director of Kenosha Fresh Market who controlled the date-to-day operations of Kenosha Fresh Market during the period of time in question and was in a position of control over the PACA trust assets belonging to Plaintiff.

## GENERAL ALLEGATIONS

5. This action is brought to obtain declaratory relief and to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. § 499e(c).

6. Between May 16, 2012 and June 16, 2012, Plaintiff AMC sold and delivered to Defendant Kenosha Fresh Market, in interstate commerce, $74,796.38 worth of wholesale quantities of produce which remains unpaid.

7. Defendants accepted the produce delivered by Plaintiff.

2

8. At the time of receipt of the produce, Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of this trust.

9. Plaintiff preserved its interest in the PACA trust in the amount of $74,796.38 and remains a beneficiary until full payment is made for the produce. All of Plaintiff's billing or invoice statements to Defendants contained the requisite statutory language to preserve the trust benefits.

10. Despite demand for payment, Defendants have failed and refused to pay Plaintiff for the wholesale quantities of produce supplied by Plaintiff.

11. Defendants' failure to pay Plaintiff indicates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

### Count I
**(Failure to Pay Trust Funds)**

12. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13. The failure of Defendants to make payment to Plaintiff of trust funds in the aggregate amount of $74,796.38 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

WHEREFORE, Plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $74,796.38 to Plaintiff, and for such other further relief as the Court deems appropriate.

## Count II
### (Failure to Pay for Goods Sold)

14. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15. Defendants failed and refused to pay Plaintiff $74,796.38 owed to Plaintiff for produce received by Defendants from Plaintiff.

WHEREFORE, Plaintiff requests judgment in favor of Anthony Marano Company and against Defendants, jointly and severally, in the amount of $74,796.38, and for such other and further relief as the Court deems appropriate.

## Count III
### (Unlawful Dissipation of Trust Assets by a Corporate Official – Paul Angelopoulos)

16. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 15 above as if fully set forth herein.

17. Defendant, Paul Angelopoulos, was an owner, officer and director who operated Kenosha Fresh Market during the period of time in question and was in a position of control over the PACA trust assets belonging to Plaintiff.

18. Defendant, Paul Angelopoulos, failed to direct Kenosha Fresh Market to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce supplied.

19. Defendant, Paul Angelopoulos', failure to direct Kenosha Fresh Market to maintain PACA trust assets and pay Plaintiff for the produce supplied was an unlawful dissipation of trust assets by a corporate official.

20. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, Plaintiff requests judgment against Defendant Paul Angelopoulos in the amount of $74,796.38, and for such other and further relief as the Court deems appropriate.

### Count IV
### (Unlawful Dissipation of Trust Assets by a Corporate Official – Dennis Garbis)

21. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 20 above as if fully set forth herein.

22. Defendant, Dennis Garbis, was an owner, officer and director who operated Kenosha Fresh Market during the period of time in question and was in a position of control over the PACA trust assets belonging to Plaintiff.

23. Defendant, Dennis Garbis, failed to direct Kenosha Fresh Market to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce supplied.

24. Defendant, Dennis Garbis', failure to direct Kenosha Fresh Market to maintain PACA trust assets and pay Plaintiff for the produce supplied was an unlawful dissipation of trust assets by a corporate official.

25. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce supplied.

WHEREFORE, Plaintiff requests judgment against Defendant Dennis Garbis in the amount of $74,796.38, and for such other and further relief as the Court deems appropriate.

### Count V
### (Interest and Attorney's Fees)

26. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 25 above as fully set forth herein.

27. As a result of Defendants' failure to make full payment promptly of $74,796.38, Plaintiff has lost the use of said money.

28. As a further result of Defendants' failure to make full payment promptly of $74,796.38, Plaintiff has been required to pay attorney's fees and costs in order to bring this action to require Defendants to comply with their statutory duties.

29. PACA and Plaintiff's invoices entitle Plaintiff to recover prejudgment interest at a rate of 1.5% per month and attorney's fees incurred to collect any balance due from Defendants.

**WHEREFORE**, Plaintiff requests judgment against each of the Defendants jointly and severally, for prejudgment interest, costs and attorneys fees, and for such other and further relief as the Court deems appropriate.

This 6th day of August, 2012

Respectfully submitted,

By: /s/ Robert Marcus
Robert B. Marcus, #6304891
Michael Maksimovich Atty at Law, P.C.
8643 Ogden Avenue
Lyons, Illinois 60534
(708) 447-1040
(708) 447-1846 – fax
rmarcus@attorneymm.com

*Counsel for Anthony Marano Company*